**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NERLY PAOLA-LOPEZ, | No. 09-70372 |
| Petitioner, | Agency No. A095-930-754 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Nerly Paola-Lopez, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence, *see Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Paola-Lopez asserts she was a victim of domestic abuse perpetrated by a Honduran citizen.  Substantial evidence supports the agency's denial of Paola-Lopez's asylum claim because she failed to demonstrate the Guatemalan government was unable or unwilling to protect her from her former partner.  *See Castro-Perez v. Gonzales*, 409 F. 3d 1069, 1072 (9th Cir. 2005) (noting burden is on the applicant to show the government is unable or unwilling to control the non-governmental persecutor).  Accordingly, her asylum claim fails.

Because Paola-Lopez failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of Paola-Lopez's CAT claim because she failed to establish a likelihood of torture by or with the acquiescence of government officials if returned to Guatemala.  *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).  Paola-Lopez's contention that the BIA failed to consider her CAT claim is belied by the record.

**PETITION FOR REVIEW DENIED.**